UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES FIRE
INSURANCE COMPANY, a
foreign corporation,

    Plaintiff,

v.                                            Case No.:  2:22-cv-130-SPC-MRM

FINEMARK NATIONAL BANK &
TRUST,

    Defendant.
_____/

### **ORDER**[1]

Before the Court is Defendant Finemark National Bank & Trust's Motion to Dismiss (Doc. 32). Plaintiff United States Fire Insurance Company ("USFIC") responded in opposition (Doc. 33). The Court denies the Motion.

This is a dispute over money ("Funds") placed in a bank account with Finemark ("Account"). USFIC issued a surety bond for a contractor ("Contractor") in relation to a construction project ("Project"). Contractor failed

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

to pay some vendors (like subcontractors). So USFIC paid out to satisfy the obligations.

Finemark was Contractor's bank. And Contractor owed Finemark money. Eventually, Contractor got a check for the Project (i.e., the Funds). So Contractor deposited the Funds in the Account. The Funds were earmarked to benefit vendors. But Finemark swept the Funds from the Account even though it had no right to do so. Rather, USFIC is entitled to the Funds. So USFIC sued Finemark for declaratory judgment and conversion.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At this stage, courts usually don't consider matters outside the four corners of the complaint and its exhibits. *Allen v. USAA Cas. Ins.*, 790 F.3d 1274, 1278 (11th Cir. 2015). So courts accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). Sitting in diversity, the Court applies

federal procedural and Florida substantive law. *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017).

First, Finemark thinks dismissal of Count 2 (conversion) is proper because the Funds are not identifiable. The Court disagrees.

"Conversion is the exercise of wrongful dominion or control over property to the detriment of the rights of the actual owner." *Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1108 (11th Cir. 1998) (cleaned up). Money can be the "subject of conversion so long as it consists of specific money capable of identification." *Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. Dist. Ct. App. 2002) (citation omitted). Put another way, there must be "a specific fund capable of separate identification." *Bel-Bel*, 162 F.3d at 1108 (citation omitted). To be actionable, "there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified." *Taubenfeld v. Lasko*, 324 So. 3d 529, 542 (Fla. Dist. Ct. App. 2021).

In many cases, "an action for conversion of money can only be maintained where the money at issue has been kept separate." *Transcapital Bank v. Shadowbrook at Vero, LLC*, 226 So. 3d 856, 864 (Fla. Dist. Ct. App. 2017) (citation omitted); *Regions Bank v. Kaplan*, No. 17-15478, 2021 WL 4852268, at *6 (11th Cir. Oct. 19, 2021). So money in a segregated account can support conversion. *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1308 (S.D. Fla. 2013); 12 Fla. Jur. 2d, *Conversion and Replevin* § 7 (June 2022 update).

In passing, Finemark attacks USFIC's earmark allegation—saying the pleading was conclusory. Not so. USFIC alleged the Funds were earmarked for specific vendors or debt. The Court must accept that factual allegation as true. Even leaving that aside, earmarking is not required so long as the money is still identifiable. *Special Purpose Accounts Receivable Co-op Corp. v. Prime One Cap. Co.*, 125 F. Supp. 2d 1093, 1100 (S.D. Fla. 2000). So the Court denies the Motion in that regard.

Next comes the crux of Finemark's challenge. It contends Count 2 fails because the Funds comingled with other money in the Account. As USFIC counters, this argument is well outside the pleadings. *See Allen*, 790 F.3d at 1278. And the Court will not settle disputed facts at this stage. *E.g.*, *Page v. Postmaster Gen. and Chief Exec. Officer of U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) ("In adjudicating a motion to dismiss, the district court may not resolve factual disputes."). Instead, the Court accepts the well-pled facts and views them favorably to USFIC. *Almanza*, 851 F.3d at 1066.

Nothing in the Complaint hints at comingling money within the Account. Instead, USFIC alleged a specific check deposited a specific lump sum around a specific day into a specific account (i.e., the Account). In other words, USFIC said specifically identifiable money at issue (i.e., the Funds) went into the Account without mentioning any comingling. Whether the Funds were kept

separate within the Account is a factual matter to resolve later. So the Court denies the Motion in that regard.[2]

And second, Finemark argues Count 2 must fail because it is not independent of breach of contract. The Court disagrees.

In Florida, "conversion must go beyond, and be independent from, a failure to comply with the terms of a contract." *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1285 (S.D. Fla. 2021) (citation omitted). This rule stems from the independent tort doctrine and economic loss rule.[3] *Merchant One, Inc. v. TLO, Inc.*, No. 19-cv-23719-BLOOM/Louis, 2020 WL 248608, at *4 (S.D. Fla. Jan. 16, 2020); *Carran v. Morgan*, 510 F. Supp. 2d 1053, 1060 (S.D. Fla. 2007). At bottom, it prevents parties from circumventing their contracts by bringing tort claims. *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. Dist. Ct. App. 1994). But this prohibition only applies "when the parties have a contractual relationship" or privity. *E.g.*, *Shadowbrook*, 226 So.3d at 864.[4]

---

[2] While the parties do not address it, some courts hold the "specific fund" and "identification" requirements apply only when a party has "a contractual obligation to pay money." *eCapital Com. Fin. Corp. v. Hitachi Cap. Am. Corp.*, No. 21-CV-60152-STRAUSS, 2022 WL 1320405, at *10 (S.D. Fla. May 2, 2022). Since there was no contractual relationship between USFIC and Finemark, the Motion would fail under this reasoning.

[3] *See generally* Anthony J. Palermo and Daniel L. Buchholz, *Post-Tiara: Contracts are Still King*, 95-Aug Fla. Bar. J. 18, 19-20 (2021) (explaining difference between the two).

[4] *See also Medmoun v. Home Depot U.S.A., Inc.*, No. 8:21-cv-1585-KKM-CPT, 2022 WL 1443919, at *8-9 (M.D. Fla. May 7, 2022); *BluestarExpo, Inc. v. Enis*, No. 21-20875-Civ-Scola, 2021 WL 4949249, at *14 (S.D. Fla. Oct. 25, 2021); *Ultimate Motors, Inc. v. Lionheart*

As USFIC says, there was no alleged contract or privity between the parties. While Finemark had an agreement with Contractor, it had no contractual relationship with USFIC. In other words, this rule is misplaced. *See eCapital*, 2022 WL 1320405, at *10 n.11; *Carran*, 510 F. Supp. 2d at 1060-61. So the Court denies the Motion in that regard.

With the Motion denied, the Court addresses Finemark's Answer (Doc. 31). Because Finemark filed the Motion as to Count 2, it only Answered Count 1 (declaratory judgment). It is the Court's practice to avoid piecemeal pleadings. So Finemark must file an amended answer as to both claims.

Accordingly, it is now **ORDERED**:

1. Defendant's Motion to Dismiss Count II of Plaintiff, United States Fire Insurance Company's Amended Complaint (Doc. 32) is **DENIED**.

2. Defendant must **FILE** an amended answer **on or before June 28, 2022**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

*Motorcars, LLC*, No. 19-60917-CIV-COHN/SELTZER, 2019 WL 9786489, at *2 (S.D. Fla. July 23, 2019); *Drogieria Betances, LLC v. Forward Shipping Miami, Inc.*, No. 21-60453-CIV-COHN/STRAUSS, 2021 WL 6841535, at *2 (S.D. Fla. Apr. 30, 2021); *Un2Jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. Dist. Ct. App. 2021).