UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES FIRE
INSURANCE COMPANY, a
foreign corporation,

      Plaintiff,

v.                                Case No.:  2:22-cv-130-SPC-KCD

FINEMARK NATIONAL BANK &
TRUST,

      Defendant.

_____/

## OPINION AND ORDER[1]

      Before the Court is Defendant FineMark National Bank & Trust's ("FineMark") Motion to Dismiss Counts 3 and 4 of Plaintiff's Second Amended Complaint and Strike Portions Thereof, or Alternatively, Motion for a More Definite Statement.  (Doc. 46).  Plaintiff United States Fire Insurance Company ("USFIC") responded in opposition.  (Doc. 47).  For the following reasons, the Court grants in part and denies in part the Motion.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND[2]

This is a dispute over money ("Funds") placed in a bank account with FineMark ("Account").   USFIC issued a surety bond for a contractor ("Contractor") in relation to a construction project ("Project").   Contractor failed to pay some vendors (like subcontractors).   So USFIC paid out to satisfy the obligations.

FineMark was Contractor's bank.   And Contractor owed FineMark money.   Eventually, Contractor received a check for the Project (i.e., the Funds) and deposited the Funds into the Account.   The Funds were earmarked to benefit vendors, but FineMark swept the Funds from the Account to settle Contractor's debts to FineMark.   So USFIC—having already paid the Project's vendors under the surety bond—sued FineMark for declaratory judgment and conversion.   USFIC then amended to include claims for constructive trust (Count 3) and negligent misapplication (Count 4) (Doc. 41), at issue here.

In its pending motion, FineMark argues that Count 3 (constructive trust) and Count 4 (negligent misapplication of funds) should be dismissed because USFIC fails to state a cause of action.   FineMark also asks the Court to strike several allegations or, in the alternative, order a more definite statement.

---

[2] Because the Court writes only for the parties (who are familiar with the facts), it only includes what is necessary to explain the decision.

## DISCUSSION

The Court begins by addressing FineMark's arguments that Count 3 and 4 should be dismissed and then turns to the motion to strike and motion for a more definite statement.

### A. Motion to Dismiss

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At this stage, courts usually don't consider matters outside the four corners of the complaint and its exhibits. Allen v. USAA Cas. Ins., 790 F.3d 1274, 1278 (11th Cir. 2015). So courts accept all well-pled allegations as true and view them most favorably to plaintiff. Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017).

The Court begins with FineMark's attack on Count 3, USFIC's constructive trust claim. USFIC's overall allegations are simple – FineMark took money from Contractor that should have gone to USFIC. So USFIC should get the money back. Monetary damages will make USFIC whole, meaning USFIC has an adequate remedy at law. But USFIC goes further to

say it is entitled to a constructive trust of the Funds FineMark swept because Contractor arguably held the Funds in trust for vendors (before FineMark swept them).

USFIC's constructive trust claim is based on a misunderstanding of constructive trusts and when Courts apply these trusts as remedies.  In some cases where a person uses a confidential relationship to acquire something he shouldn't have, courts convert the person into a trustee and compel him to restore what he has unjustly acquired. *Quinn v. Phipps*, 93 Fla. 805, 815, 113 So. 419, 422 (1927); *see also Am. Nat. Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1541 (11th Cir. 1983).  This imposition of a constructive trust protects against the unjust enrichment of a culpable party. *Am. Nat. Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1541 (11th Cir. 1983).

Constructive trusts are inherently equitable in nature. *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518 (11th Cir. 1994). Courts' equity jurisdiction arises in "all civil cases, *and none others*, in which there is not a full, adequate, and complete remedy at law." *Id.* at FN 19 (citing 1 John Norton Pomeroy, Equity Jurisprudence § 132, at 160 (4th ed. 1918) (emphasis added).  So constructive trusts, a form of equitable relief, are available only when there is no adequate remedy at law. *Id.* at 1518.  Here, USFIC has an adequate remedy at law—full monetary damages in the amount

4

FineMark swept.  So the Court will dismiss USFIC's constructive trust claim (Count 3).

The Court now turns to FineMark's argument on Count 4—negligent misapplication of funds.  The elements of a negligence claim are: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury."  *Estate of Rotell ex rel. Rotell v. Kuehnle*, 38 So. 3d 783, 788 (Fla. Dist. Ct. App. 2010).

FineMark challenges the first element: it argues USFIC fails to state a claim upon which relief can be granted because FineMark owed no duty to USFIC.  The Court is unpersuaded by this argument.  First, USFIC alleges FineMark owed a duty to Contractor, the owner of the bank account and whose funds FineMark swept.  FineMark does not dispute this.  USFIC has evidence Contractor assigned USFIC his rights, title, and interests to the Funds. FineMark wants the Court to find that USFIC cannot use its alleged equitable subrogation rights to assert a claim for negligence, but FineMark provides no reason it can't or caselaw for the Court to rely on.  FineMark is welcome to re-raise this issue at summary judgment if it has the facts and law to support its argument.  But at this stage, the Court must construe all facts in the light most favorable to USFIC and USFIC says FineMark owes a duty to Contractor and USFIC stands in Contractor's shoes.

Second, it may be that FineMark owed a duty to USFIC. A deposit into an account is classified as either a general or special deposit, depending on the contract which results from the mutual understanding and intention of the depositor and the bank. *Carl v. Republic Sec. Bank*, 282 F. Supp. 2d 1358, 1366 (S.D. Fla. 2003). The simple deposit of money, check, or draft in a commercial bank, without being complicated by any other transaction, is a general deposit. *Id.* A special deposit is a deposit for safekeeping, to be returned intact upon demand or for some specific purpose. *Id.* Whether a deposit is general or special may be fixed by express agreement or inferred from the bank's and depositor's "declarations at the time the deposit is made, considered in connection with their conduct and all the other circumstances." *Id.*

A bank may use funds generally deposited into an account to set off a debt owed by the depositor to the bank. *Carl*, 282 F. Supp. 2d at 1367. But an exception, possibly applicable here, is where funds are deposited into a special account, or the bank has notice that the funds equitably belong to third parties or are being held in trust for another party. *Id.* If it's a special deposit, the bank may not use those funds to set off a debt, but it must follow the depositor's instructions as to the disposition of those funds. *Id.* If a bank has improperly used funds from a special deposit to offset a separate debt of the account holder,

the legal or equitable owner of the funds may bring an action for wrongful setoff against the bank. *Id.*

Taking the facts in the light most favorable to USFIC, the Funds may have been a special deposit. So FineMark may have owed a duty to USFIC, and the Court must deny FineMark's motion to dismiss Count 4.

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, 6:08-cv-305, 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008) (cleaned up). It is not intended to "procure the dismissal of all or part of a complaint." *Id.* Granting a motion to strike is a drastic remedy disfavored by the courts. *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Id.*

FineMark moves to strike about one dozen allegations in the Complaint arguing they are immaterial and impertinent. Most of these allegations concern the Gates Group, which is not a party to the Complaint. But just because Gates Group is not a party does not mean these allegations are immaterial or impertinent. For example, FineMark claims paragraphs 9

7

through 11, which discuss USFIC's indemnity agreement with various companies (including Gates Group), are irrelevant. But these paragraphs go to USFIC's argument that Contractor, who deposited Funds in FineMark's account, assigned his legal rights to the Funds to USFIC. Paragraphs 15, 47, 53, and 82 (which FineMark also moves to strike) may all go to whether the Funds constituted a special deposit, as discussed above. FineMark clearly disagrees with USFIC about whether it owes USFIC a duty. But that does not mean allegations that FineMark may owe such a duty should be stricken. So, the Court denies FineMark's Motion to Strike.

### C. Motion for a More Definite Statement

A defendant may move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for more definite statements are "disfavored under the law" and are "not to be used as a substitute for discovery." *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1281-82 (M.D. Fla. 2015) (citation omitted). Courts rarely grant a motion for more definite statement because of the liberal discovery practices in our system. *See Scarfato v. National Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Advanta-Star Auto. Research Corp. of Am. v. Semoran Auto*

*Acquisitions, Inc.*, No. 6:17-cv-1675-Orl-40GJK, 2018 WL 1907643, at *3 n.5 (M.D. Fla. Apr. 23, 2018) (citation omitted).

FineMark argues that the allegations are ambiguous as they discuss "bonds" without delineating which bond is subject to which allegation. But USFIC maintains it is suing not on any specific bond but upon USFIC's entitlement to the Funds due to the Contractor. USFIC also attached an exhibit to its Amended Complaint listing 37 bonds with the bond number, project name, and obligee name.

USFIC's Second Amended Complaint is not so ambiguous, vague, or unintelligible to justify a more definite statement. USFIC provided enough for FineMark to obtain necessary information about the bond(s) at issue during discovery. So FineMark's motion for a more definite statement is denied.

One final note. This Court instructs USFIC to closely review the typographic requirements in the local rules. M.D. Fla. R. 1.08. Any future filings that do not conform to the local rules will be stricken.

Accordingly, it is now

**ORDERED:**

1.     Defendant's Motion to Dismiss Counts 3 and 4 of Plaintiff's Second Amended Complaint and Strike Portions Thereof, or Alternatively, Motion for a More Definite Statement (Doc. 46) is **GRANTED in part**. Count 3 of the

Second Amended Complaint is **dismissed with prejudice.** The Court **DENIES** the remainder of the Motion.

2. Defendant FineMark National Bank & Trust has up to and including **January 24, 2023**, to file an answer to Plaintiff's Second Amended Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on January 10, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record