UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES FIRE
INSURANCE COMPANY, a
foreign corporation,

    Plaintiff,

v.                                Case No.:  2:22-cv-130-SPC-KCD

FINEMARK NATIONAL BANK &
TRUST,

    Defendant.
_____/

## ORDER

Before the Court is Defendant FineMark National Bank & Trust's Motion to Compel. (Doc. 79.)[1] The motion is opposed, but the Court need not await a response to dispose of it. For the reasons below, FineMark's motion is denied.

Plaintiff United States Fire Insurance Company and FineMark are fighting over funds in a bank account. According to the complaint, FineMark "unilaterally and improperly swept in excess of $1.5 million" from the disputed account when that money should have gone to Plaintiff. (Doc. 57 ¶ 44.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

A few additional facts are relevant to this discovery dispute. In February 2023, FineMark served its first set of discovery requests. (Doc. 79 ¶¶ 12, 18.) Plaintiff answered the next month, but its responses were allegedly deficient. (*Id.* ¶¶ 14-17, 21-22.) Fast-forward to August 2023 and FineMark served a second set of discovery requests. (*Id.* ¶ 26.) Plaintiff again provided "deficient [and] incomplete" answers. (*Id.* ¶ 37.) FineMark sent several "meet and confer letters to counsel" seeking "clarification . . . and amended responses." (*Id.* ¶ 31.) When those efforts failed, FineMark filed the pending motion to compel.

FineMark's motion comes too late. It waited until the day discovery closed—September 29, 2023—to seek relief from the Court. But this violates the Middle District of Florida Discovery Handbook,[2] which requires the completion of discovery and resolution of issues related to discovery prior to the deadline. *Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-CV-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017). A motion to compel filed on the day discovery ends, as here, "certainly does not allow sufficient time to resolve the matter prior to the close of discovery." *Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18-CV-380-ORL-78EJK, 2020 WL 9173023, at *1 (M.D. Fla. Apr. 7, 2020).

---

[2] The Discovery Handbook is binding on the parties here. (*See* Doc. 26 at 2.)

Rather than seeking relief when it learned of Plaintiff's discovery deficiencies months ago, FineMark sat on its hands. That decision has consequences. The Court will not compel further production from Plaintiff now that discovery has closed. *See, e.g.*, *Pushko v. Klebener*, No. 3:05-CV-211-J-25HTS, 2007 WL 2671263, at *2 (M.D. Fla. Sept. 7, 2007) ("Motions to compel must be brought in a timely manner.").

Accordingly, it is **ORDERED**:

FineMark's Motion to Compel (Doc. 79) is **DENIED**.

**ENTERED** in Fort Myers, Florida on October 3, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record